IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NACOLE F. SICKLER,

                Plaintiff,

  v.

NANCY A. BERRYHILL,

                Defendant.

OPINION & ORDER

17-cv-431-jdp

---

      Plaintiff Nacole F. Sickler seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, finding her not disabled under the Social Security Act. The administrate law judge concluded that Sickler suffered from pseudoseizures, bipolar disorder, depression, anxiety disorder, post-traumatic stress disorder (PTSD), and cannabis use disorder. But the ALJ concluded that Sickler had the residual functional capacity (RFC) to perform a significant number of jobs in the economy. Sickler contends that the ALJ made three errors that require a remand: (1) failure to account for Sickler's mental impairments in her RFC; (2) failure to give proper weight to a treating physician's opinion; and (3) failure to consider the side effects of Sickler's medicine. The court will remand on the basis that the ALJ's RFC finding did not account for Sickler's moderate impairment in maintaining concentration.

      A district court reviews an ALJ's decision to "determine whether [the decision] was supported by substantial evidence or is the result of an error of law." *Moody v. Berryhill*, 245 F. Supp. 3d 1028, 1031 (C.D. Ill. 2017) (quoting *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004)). An ALJ need not address every piece of evidence, but she must build a "logical bridge" between the evidence and her conclusions. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

A. Mental impairments in RFC

The ALJ relied on state agency psychological consultants' opinions to determine Sickler's RFC. R. 28.[1] Those consultants opined that Sickler had a moderate impairment in maintaining concentration as part of their RFC analyses. R. 92, 104, 121, 136. The ALJ concluded that Sickler's RFC allowed her to perform a full range of work at all exertional levels, but the ALJ included the following nonexertional limitations:

> [1] no work at unprotected heights or near hazards, [2] which is routine, repetitive simple work, [3] not requiring any public contacts or more than brief and superficial contacts with coworkers and supervisors, and [4] which is low stress, defined as no more than routine changes in the work process or work setting.

R. 22–23. The ALJ included the same limitations in her hypothetical given to the vocational expert. R. 63. The first restriction apparently accounts for Sickler's pseudoseizures. Presumably, the second restriction is intended to account for her limitation in maintaining concentration. But a restriction to routine, repetitive simple work is not adequate to account for a moderate limitation in concentration. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010); *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008).

The ALJ's discussion at step three of the five-step sequential analysis suggests that the ALJ thought the third and fourth restrictions would account for all of Sickler's mental impairments: the ALJ reasoned that the impairments were triggered by social interactions or stress, relying on Sickler's function report. R. 22 (citing R. 339–47). But as the Commissioner acknowledges, an ALJ's finding at step three is not an RFC assessment. In her RFC analysis, the ALJ rejected Sickler's report of her symptoms and found her allegations not credible. The

---

[1] All record citations refer to the administrative transcript. Dkt. 8.

2

state agency psychological consultants, whose opinions formed the basis of the ALJ's RFC determination, did not state that social interactions or stress triggered Sickler's impairment in concentration. The bottom line is that the ALJ has not adequately explained how the RFC accounts for Sickler's moderate limitation in maintaining concentration, and, thus the ALJ has not built a logical bridge between the evidence and her conclusion.

**B. Other issues**

Sickler's other arguments warrant only brief discussion. Sickler contends that the ALJ erred by giving no weight to a November 1, 2016 opinion of Nina Gilberg, Sickler's treating physician, who opined that Sickler's bipolar disorder, anxiety disorder, and PTSD severely impaired her ability to work. Sickler argues that the ALJ failed to cite or discuss Gilberg's historical treatment notes going back 19 years from the date of her opinion. But what matters is whether Sickler continuously had symptoms that were severe enough to qualify her as disabled for at least one year. Sickler does not explain how the past treatment notes establish that fact. Sickler also argues that the ALJ failed to reconcile conflicting medical opinions, particularly those of Gilberg, a state agency consultant, and a state consultative examiner, but she does not explain how such reconciliation would have shown that she was disabled.

Sickler also contends that the ALJ failed to consider the side effects of her medications. She testified before the ALJ that she took Omeprazole (for a thyroid condition) and Latuda (for bi-polar disorder) and that her medications caused some side effects. R. 55–56. Sickler does not point to any medical evidence in the record documenting her side effects. Sickler has attached to her appellate brief an incomplete printout from www.latuda.com, Dkt. 11-7, but that was not part of the record before the ALJ. Sickler made only a passing reference to her side effects, and on appeal she has not shown that the record supported her testimony or

explained why the ALJ had to accept her testimony. The fact that the ALJ did not discuss the side effects of her medications does not warrant remand, although the ALJ may choose to explore this issue if Sickler raises it again.

ORDER

IT IS ORDERED that:

1. The decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Nacole F. Sickler applications for disability benefits and supplemental security income is REMANDED.

2. Plaintiff's appeal is DISMISSED.

3. The March 22, 2018 oral argument is taken off the calendar.

4. The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered March 21, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge