IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NACOLE F. SICKLER,

      Plaintiff,
 v.

NANCY BERRYHILL,
Acting Commissioner of Social Security,

      Defendant.

OPINION & ORDER

17-cv-431-jdp

---

  Defendant Nancy Berryhill has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) in this case brought under the Social Security Act. Dkt. 18. For the reasons explained below, the court will construe the motion as one for clarification and grant the motion.

  The court granted plaintiff Nacole Sickler's motion for summary judgment and remanded the case for further proceedings. Dkt. 16. Specifically, the court concluded that the administrative law judge failed to include in the residual functional capacity assessment Sickler's limitations related to concentration. *Id.* at 2.

  In her motion, the commissioner does not challenge the result the court reached. Rather, she focuses on one sentence in the opinion: "[A] restriction to routine, repetitive simple work is not adequate to account for a moderate limitation in concentration." *Id.* The commissioner is correct that the court overstated the relevant law. As this court has acknowledged in other opinions, the term "concentration . . . is simply a general category that must be translated into particular limitations." *Rabitoy v. Berryhill*, No. 17-cv-495, 2018 WL 1010219, at *2 (W.D. Wis. Feb. 21, 2018) (internal quotations omitted). On its own, the term "does not necessarily communicate to the vocational expert or anyone else what a claimant can or cannot do." *Id.*

(internal quotations omitted). Thus, the court did not mean to imply that a restriction to routine, repetitive, and simple work could never satisfy a limitation related to concentration. The court would first have to determine what the claimant's particular limitations are. Each case must be decided on its own facts.

The commissioner proposes the following rewrite: "[A] restriction to routine, repetitive simple work is not *necessarily* adequate to account for a moderate limitation in concentration." Dkt. 18. at 2. That is consistent with the law and the court will adopt it. The only wrinkle is that the commissioner filed her motion as one to alter or amend the *judgment* under Rule 59(e) even though she is not asking the court to change anything about the judgment. So the court construes the commissioner's motion as one for clarification and will grant the motion.

Also before the court are two motions by Sickler for attorney fees, Dkt. 19 and Dkt. 23, which were followed closely by two motions to withdraw the motions for attorney fees, Dkt. 20 and Dkt. 26. It is not clear why Sickler filed these motions, but the court will grant the motions to withdraw and deny the motions for attorney fees as moot.

ORDER

IT IS ORDERED that:

1. Defendant Nancy Berryhill's motion to alter or amend the judgment, Dkt. 18, is construed as a motion for clarification and is GRANTED as described in this opinion.

2. Plaintiff Nacole F. Sickler's motions to withdraw, Dkt. 20 and Dkt. 26, are GRANTED, and Sickler's motions for attorney fees, Dkt. 19 and Dkt. 23, are DENIED as moot.

Entered October 5, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge